UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHRISTOPHER RENZI,
      Plaintiff,

v.                                              C.A. No. 2014 -

JBS TEXTILE GROUP A/S

- and -

CRISTIANO RONALDO

   a/k/a

"CRISTIANO RONALDO DOS SANTOS AVEIRO",
                                                JURY TRIAL CLAIMED
      Defendants.

## COMPLAINT

### NATURE OF ACTION

1. Plaintiff brings this action seeking a declaratory judgment that he owns the trademark "CR7" and that his continued use of the "CR7" mark does not infringe any trademark owned or used by the defendants.

### PARTIES

2. Plaintiff, CHRISTOPHER RENZI ("RENZI"), is an individual and a resident and citizen of the State of Rhode Island.

3. Defendant, JBS TEXTILE GROUP A/S ("JBS"), is an "aktieselskab" (corporation) of the Country of Denmark, with its principal place of business located at Bornholmsvej 1 Herning 7400, Denmark.

4. Defendant, CRISTIANO RONALDO a/k/a "CRISTIANO RONALDO DOS SANTOS AVEIRO" ("RONALDO"), is an individual who, upon information and belief, resides in the Countries of Portugal and Spain.

-1-

## JURISDICTION

5. This action is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because plaintiff's claims for declaratory relief arise under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. Plaintiff also claims trademark rights under Rhode Island common law, and this court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

6. This court has personal jurisdiction over the defendants because the defendants have sufficient minimum contacts with Rhode Island. Among other things, defendants transact business in Rhode Island and have expressed their intention to transact further business in Rhode Island in the very near future. Moreover, defendants have directed correspondence to the plaintiff and his counsel in Rhode Island accusing plaintiff of trademark infringement and unfair competition, and demanding that plaintiff transfer and assign his rights to the "CR7" mark to the defendants and cease using the mark.

## FACTS

7. Plaintiff, CHRISTOPHER RENZI began using the trademark "CR7" in commerce in 2008. On June 25, 2008, Renzi filed an application to register the "CR7" trademark with the United States Patent and Trademark Office ("USPTO") for use on fashion clothing, namely jeans and t-shirts.

8. The application was published for opposition on March 31, 2009. No one opposed the application.

9. On June 16, 2009, the USPTO issued Registration Number 3,637,974 to plaintiff Renzi for the mark "CR7".

10. Plaintiff also uses the "CR7" mark in commerce in connection with a seven minute exercise program.

11. On or about May 23, 2014, a lawyer with a Washington D.C. law firm sent correspondence to plaintiff Renzi at Renzi's Rhode Island address objecting to plaintiff Renzi's 2009 registration of the "CR7" mark, objecting to plaintiff Renzi's continued use of the mark, and advising that defendant JBS had filed a Petition to Cancel Renzi's "CR7" registration with the USPTO's Trademark Trial and Appeal Board. The correspondence is attached as Exhibit "A".

12. In its Petition to Cancel, defendant JBS alleges that plaintiff's "CR7" trademark registration should be cancelled because 1) plaintiff falsely suggests a connection with a living person (Ronaldo) in violation of 15 U.S.C. § 1052)a); and, 2) plaintiff's use of the "CR7" mark constitutes "unfair competition", entitling defendant JBS to relief under 15 U.S.C. § 1126(g) and (h).

13. Plaintiff Renzi denies all of those allegations

14. On or about June 10, 2014, another lawyer with the same Washington D.C. law firm sent correspondence to plaintiff Renzi's legal counsel in Rhode Island, offering a monetary sum to Renzi in exchange for his assignment of U.S. Registration Number 3,637,974 and his written assurance to cease using the mark. The correspondence also threatened to "aggressively pursue the cancellation proceeding" if the offer was not accepted. The correspondence is attached as Exhibit "B".

15. On or about July 3, 2014, the same lawyer sent another correspondence to plaintiff Renzi's legal counsel in Rhode Island, this time threatening "more aggressive legal action to abate Mr.

Renzi's infringement" unless the prior offer was accepted within five days, by July 8, 2014. The correspondence is attached as Exhibit "C".

16. Plaintiff Renzi's Rhode Island counsel advised the Washington lawyer that her offer was not accepted.

17. Plaintiff Renzi has used the "CR7" mark since 2008. Upon information and belief, defendants have not used the mark in commerce at all.

18. Defendants allege that plaintiff Renzi adopted the "CR7" mark to trade on the name of defendant Ronaldo, a soccer player who currently wears the number "7". In fact, plaintiff Renzi adopted "CR7" in 2008 because his initials are "CR" ["CHRISTOPHER RENZI"] and "7" was the day that he was born [10/7/70].

19. Moreover, when defendant Renzi adopted the "CR7" mark, defendant Ronaldo wore the uniform number "9".

20. Plaintiff, CHRISTOPHER RENZI, has valid rights in the trademark "CR7" under both federal law and Rhode Island common law.

21. Because of plaintiff Christopher Renzi's use of the mark, and the defendants' non-use of the mark, plaintiff Renzi has trademark rights that are superior to any trademark rights that defendants may have under federal or Rhode Island law.

22. Plaintiff Christopher Renzi is not liable for infringement because he has not infringed and does not infringe any valid trademark rights of the defendants.

23. In addition, if defendants ever had a claim of infringement against plaintiff Renzi, which Renzi denies, that claim is barred under the doctrines of laches, waiver, and estoppel, and pursuant to

the applicable statutes of limitation, due to defendants' delay in asserting their alleged rights.

24. As a result of defendants' actions and threats, plaintiff Christopher Renzi is under a reasonable and serious apprehension that he imminently will be sued by defendants for trademark infringement and unfair competition.

25. As a result, an actual, immediate, and justiciable controversy exists between the parties.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

26. Plaintiff realleges and incorporates by reference the allegations contained in Paragraph 1 through 25 of this Complaint as if fully set forth herein.

27. Plaintiff has not infringed any valid and enforceable trademark of the Defendants.

28. An actual and justiciable case and controversy exists between the parties as to whether plaintiff infringes or has infringed any trademark owned or used by the defendants, which case and controversy requires a declaration of rights by this court.

29. Plaintiff is entitled to a judicial determination and declaration that he has not infringed and does not infringe any trademark of the defendants.

WHEREFORE, plaintiff demands judgment in his favor and against defendants for the following relief:

1) A declaration that plaintiff has not infringed and does not infringe any trademark of the defendant under federal law;

2) A declaration that plaintiff has not infringed and does not infringe any trademark of the defendant under Rhode Island common law;

3) Such other and further legal and equitable relief as the court deems just and proper, which relief may include damages, attorneys' fees, and costs.

                                    Plaintiff,
                                    By His Attorney,

                                    _/s/ Michael H. Feldhuhn_
                                    Michael H. Feldhuhn (#3344)
                                    56 Pine Street
                                    Suite 200
                                    Providence, Rhode Island  02903
                                    Tel.  (401) 331-6600
                                    FAX  (401) 274-2780
DATE: July 28, 2014                 Email:  michael@feldhuhn.com

Plaintiff claims a trial by jury on all issues so triable.

                                    _/s/ Michael H. Feldhuhn_